IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEAN PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. _____ |
| ) | |
| BSC TRUCKING, INC., SOUTHERN ) | |
| INSURANCE COMPANY, STANLEY E. ) | |
| THOMAS, RONALD A. WALKER, ) | **JURY TRIAL DEMANDED** |
| JOHN DOE, JOHN DOE ) | |
| CORPORATION A, JOHN DOE ) | |
| CORPORATION B, AND JOHN ) | |
| DOE CORPORATION C, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES**

Plaintiff Jean Perry, by and through counsel, files this Complaint for Damages against Defendants BSC Trucking, Inc., Southern Insurance Company, Stanley E. Thomas, and Ronald A. Walker, showing the Court as follows:

**NATURE OF THE CASE**

1.

This personal injury action arises from a February 19, 2020, motor vehicle collision during which a BSC Trucking, Inc. flatbed tractor trailer being operated by Stanley E. Thomas rear-ended a Toyota Tundra being operated by Ronald A. Walker, which, in turn, collided with a Toyota Prius being operated by Ms. Perry. Thomas admitted to law enforcement that he was unable to avoid the collision. Law enforcement cited Thomas for following too closely, pursuant to O.C.G.A. § 40-6-49. Thomas was also driving on a suspended commercial driver's license ("CDL") at the time of the accident. Ms. Perry sustained significant injuries in the accident and

was transported by ambulance to the local emergency room.

## PARTIES, JURISDICTION, AND VENUE

2.

Jean Perry is a resident of Georgia. She resides in Chatham County.

3.

BSC Trucking, Inc. is a for-profit Florida corporation that is not registered to do business in Georgia.

4.

BSC may be served with process through its registered agent, William A. Reyes, at 5645 Coral Ridge Drive, Unit No. 183, in Coral Springs, Florida 33076.

5.

BSC has been properly served in this action.

6.

At all times material, Stanley E. Thomas is or was an employee and/or agent of BSC and BCS.

7.

Thomas may be served with process at 5550 Mayo Street in Hollywood, Florida 33021.

8.

Thomas has been properly served in this action.

9.

Ronald A. Walker may be served with process at 14027 Angle Road in Hudson, Florida 34669.

Case 4:22-cv-00025-RSB-CLR   Document 1   Filed 02/01/22   Page 3 of 15

10.

Walker has been properly served in this action.

11.

Southern Insurance Company is a foreign for-profit corporation registered to do business in Georgia.

12.

Southern Insurance Company may be served with process through its registered agent, United Agent Group Inc., at 2985 Gordy Parkway, 1st Floor, in Marietta, Georgia 30066.

13.

Southern Insurance Company has been properly served in this action.

14.

Southern Insurance Company is subject to suit by direct action under O.C.G.A. §§ 40-1-112 and/or 40-2-140.

15.

Jurisdiction and venue are proper.

16.

This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17.

Defendants have significant contacts with the Southern District of Georgia such that they are subject to personal jurisdiction within said district.

18.

The accident giving rise to Plaintiff's causes of action occurred in the Southern District of Georgia.

19.

Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Southern District of Georgia.

**FACTS**

20.

At approximately 1:20 p.m. on February 19, 2020, Ms. Perry was operating a 2017 Toyota Prius (the "Prius") in the left (inside) lane on Interstate 95 South, near the intersection with Interstate 16, in Pooler, Chatham County, Georgia.

21.

At the same time, Walker was operating a 2016 Toyota Tundra pulling a trailer in the middle lane of Interstate 95 South, behind Ms. Perry.

22.

At the same time, Thomas was operating a 2000 Kenworth Tractor-Trailer (the "Tractor Trailer") in the middle lane of Interstate 95 South, behind Walker's Tundra.

23.

At all times material, Thomas was an employee and/or agent of BSC and acting in the course and scope of his employment and/or agency.

24.

At all times material, in the course and scope of his employment and/or agency with BSC, Thomas drove commercial vehicles for BSC, including the Tractor Trailer.

25.

This stretch of Interstate 95 South is straight and flat.

26.

The roadway was dry, and visibility was good.

27.

Thomas was travelling too fast for conditions and failed to keep a proper lookout.

28.

Thomas was distracted by his cellphone or other electronic mobile device and/or was otherwise distracted.

29.

As traffic slowed due to a Chatham County Sheriffs' Office making a traffic stop up ahead on Interstate 95 South, Thomas failed to brake or slow his Tractor Trailer.

30.

Thomas's Tractor Trailer slammed into the trailer that was being pulled by Walker's Tundra.

31.

Walker failed to keep his Tundra under control after being hit by Thomas' Tractor-Trailer; Walker's Tundra and trailer left the middle lane and smashed into Ms. Perry's Prius, causing significant damage to the Prius.

32.

Ms. Perry did not cause or contribute to the accident. She was without fault for the accident.

33.

Ms. Perry sustained significant injuries in the accident. She was transported from the accident scene by ambulance to Memorial Hospital in Savannah, Georgia.

34.

After the accident, Thomas admitted to law enforcement he could not stop the Tractor Trailer in time to avoid the accident.

35.

Pursuant to O.C.G.A. § 40-6-49, law enforcement cited Thomas for following too closely.

36.

At the time of the accident, Thomas was operating the Tractor Trailer on a suspended CDL.

37.

On February 19, 2020, and at all relevant times, Thomas and BSC were subject to all state and federal laws, statutes, regulations, and industry standards governing the safe maintenance and operation of commercial motor vehicles including, but not limited to, the Code of Federal Regulations, Title 49 – Transportation.

38.

On February 19, 2020, Southern Insurance Company Policy insured Thomas and BSC.

39.

Defendants' tortious conduct caused Ms. Perry's significant injuries and damages.

**SPOLIATION OF EVIDENCE**

40.

BSC and Thomas knew or should have known within minutes or hours of the accident that Ms. Perry would assert a claim, but BSC and Thomas failed to:

    a.    preserve and protect the Tractor Trailer and its crash data;

    b.    timely obtain the requisite post-accident drug and alcohol tests of Thomas; and

    c.    preserve and protect Thomas's cellphone/mobile device and its data.

**LIABILITY OF DEFENDANTS**

**COUNT ONE**
**(BSC's Negligence, Direct Liability and Vicarious Liability)**

41.

Ms. Perry restates and realleges Paragraphs 1 to 40 as if fully set forth herein.

42.

BSC had the duty to operate the Tractor Trailer in a safe and reasonable manner and to know of and abide by all state and federal laws, statutes, regulations and industry standards governing the safe operation of commercial motor vehicles.

43.

BSC operated as a motor carrier and, as such, was bound to use extraordinary diligence for the protection of the lives and persons of the motoring public, including Ms. Perry.

44.

BSC, including its officers, agents, apparent agents, employees, and servants, had an independent duty to:

    a.    act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Thomas;

    b.    promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe;

    c.    ensure that its drivers knew of and abided by all state and federal laws, statutes, regulations and industry standards governing the safe operation of commercial motor vehicles; and

    d.    exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, licensed and qualified drivers.

45.

BSC, including its officers, agents, apparent agents, employees, and servants, breached those duties, one or more of which were nondelegable, by:

    a.    negligently hiring and retaining Thomas to drive commercial motor vehicles despite being unfit, unlicensed and/or unqualified;

    b.    failing to properly train and instruct Thomas on the required knowledge of the Federal Motor Carrier Safety Regulations ("FMCSRs"), Georgia Intrastate Motor Carrier Regulations, driving methods, hours of service limitations, etc.;

    c.    recklessly entrusting Thomas with the Tractor Trailer despite knowing that his CDL was suspended;

    d.    failing to supervise Thomas to verify that he operated the Tractor Trailer in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

    e.    failing to adopt, train and enforce written and unwritten company safety policies and systems, pertaining to the hiring, training and monitoring of

its drivers, and the safe operation, inspection, maintenance and repair of its commercial motor vehicles;

f. violating the applicable rules, laws and regulations pertaining to and governing the safe operation, inspection, maintenance and repair of its commercial motor vehicles;

g. placing more emphasis on profits than on the safety of its drivers and the motoring public;

h. knowingly violating federal and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles;

i. failing to act upon and remedy known violations of the federal and state regulations;

j. failing to act upon and remedy known violations of industry standards;

k. acting in conscious disregard for the rights and safety of the public;

l. having a negligent mode of operation and poor safety culture that created a danger to everyone exposed to its commercial vehicle drivers, including Ms. Perry;

m. habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of drivers, the safe inspection, maintenance and repair of commercial motor vehicles, and the safe operation of commercial motor vehicles, such that it created a culture of danger and zone of risk that was reasonably anticipated to cause injury and death to the traveling public and constituted a dangerous mode of operation; and

      n.      failing to exercise extraordinary care under all of the surrounding circumstances.

46.

At all times material, Thomas was an employee and/or agent of BSC and acting in the course and scope of his employment and/or agency such that BSC is vicariously liable for Thomas's negligence and/or recklessness.

47.

BCS's negligence and recklessness proximately caused Ms. Perry's significant injuries and damages.

## COUNT TWO
### (Thomas' Negligence and Recklessness)

48.

Ms. Perry restates and realleges Paragraphs 1 to 47 as if fully set forth herein.

49.

As a professional commercial motor vehicle driver, Thomas had a duty to drive the Tractor Trailer in a safe and reasonable manner and to know of and abide by all state and federal laws, statutes, regulations and industry standards governing the safe operation of commercial motor vehicles.

50.

On February 19, 2020, Thomas breached these duties when he recklessly operated the Tractor Trailer without a valid CDL and crashed the Tractor Trailer into the Tundra being operated by Walker, which, in turn, slammed into the Prius being operated by Ms. Perry, seriously injuring her. Thomas engaged in negligent and reckless conduct including, but not limited to:

      a.      violating pertinent rules of the road, with such violations amounting to

    negligence *per se*;

b. failing to keep a proper lookout;

c. failing to operate the Tractor Trailer at a speed suitable for conditions;

d. failing to maintain control of the Tractor Trailer;

e. failing to take appropriate and timely evasive action to avoid the accident;

f. operating the Tractor Trailer while distracted by an electronic mobile device;

g. operating the Tractor Trailer without a valid CDL;

h. operating the Tractor Trailer in a reckless manner without consideration for Ms. Perry and other motorists on the public road; and

i. failing to exercise reasonable care under all the surrounding circumstances.

51.

Thomas negligently and recklessly breached the duties he owed to Ms. Perry and violated laws that were intended to protect and prevent crashes like the accident.

52.

At all times material, Thomas was an employee and/or agent of BSC and acting in the course and scope of his employment and/or agency such that BSC is vicariously liable for Thomas's negligence and/or recklessness.

53.

Thomas's negligence and recklessness proximately caused Ms. Perry's significant injuries and damages.

## COUNT THREE
### (Direct Action Claim Against Southern Insurance Company)

54.

Ms. Perry restates and realleges Paragraphs 1 to 53 as if fully set forth herein.

55.

Southern Insurance Company provided liability coverage in the event of a motor vehicle collision involving the Tractor Trailer owned by BCS and operated by Thomas.

56.

Ms. Perry is a third-party beneficiary under said contract of policy of insurance.

57.

Ms. Perry is entitled to receive payment from Southern Insurance Company for the tort liability of BSC and Thomas pursuant to Georgia's Direct Action Statutes, O.C.G.A. § 40-1-112 and/or O.C.G.A. § 40-2-140.

## COUNT FOUR
### (Walker's Negligence)

58.

Ms. Perry restates and realleges Paragraphs 1 to 57 as if fully set forth herein.

59.

Walker had a duty to drive the Tundra in a safe and reasonable manner and to know of and abide by all state and federal laws, statutes, and regulations governing the safe operation of vehicles.

60.

On February 19, 2020, Walker breached these duties when he negligently operated the Tundra and crashed it into the Prius being operated by Ms. Perry, seriously injuring her. Walker

engaged in negligent conduct including, but not limited to:

    a.    violating pertinent rules of the road, with such violations amounting to negligence *per se*;

    b.    failing to keep a proper lookout;

    c.    failing to operate the Tundra at a speed suitable for conditions;

    d.    failing to maintain control of the Tundra;

    e.    failing to take appropriate and timely evasive action to avoid crashing the Tundra into the Prius;

    f.    operating the Tundra while distracted by an electronic mobile device;

    g.    operating the Tundra in a negligent manner without consideration for Ms. Perry and other motorists on the public road; and

    h.    failing to exercise reasonable care under all the surrounding circumstances.

61.

Walker negligently and recklessly breached the duties he owed to Ms. Perry and violated laws that were intended to protect and prevent crashes like the accident.

62.

Walker's negligence proximately caused Ms. Perry's significant injuries and damages.

### COUNT FIVE
### (Punitive Damages Against BSC and Thomas)

63.

Ms. Perry restates and realleges Paragraphs 1 to 62 as if fully set forth herein.

64.

BSC and Thomas' actions showed willful misconduct, malice, fraud, wantonness, oppression or want of care that would raise the presumption of conscious indifference to the

13

consequences: BCS permitted Thomas to operate the Tractor Trailer without a valid CDL and, in the course and scope of Thomas' employment and/or agency with BCS, he caused the accident which resulted in Ms. Perry's significant injuries and damages.

65.

BSC and Thomas' misconduct is so aggravating it authorizes, warrants and demands the imposition of substantial punitive damages against BSC and Thomas pursuant to O.C.G.A. § 51-12-5.1.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Perry prays for the following relief:

a. that the Court issue a summons requiring Defendants to appear as provided by law to answer this Complaint;

b. medical and rehabilitation expenses in an amount to be proven through the evidence at the time of trial for such past, present, and future expenses;

c. all elements of pain and suffering, for the past, present, and future;

d. lost wages, lost income, and loss of earning capacity in an amount of the past, present and future which will be proven at the time of trial through the evidence;

e. all general, special, compensatory, incidental, consequential, and all other permissible damages and expenses associated with Ms. Perry's injuries and damages in an amount which will be proven at the time of trial;

f. punitive damages against Defendants BSC and Thomas;

g. that a jury be impaneled to resolve all factual disputes; and

h. for all further losses and recovery as deemed proper by the Court.

## **JURY DEMAND**

TRIAL BY JURY IS HEREBY DEMANDED.

This 1st day of February, 2022.

    Respectfully submitted,

    WEINBERG WHEELER HUDGINS
    GUNN & DIAL, LLC

    */s/ Jason T. Vuchinich*
    Jason T. Vuchinich
    Georgia Bar No. 537503
    3344 Peachtree Rd. NE, Suite 2400
    Atlanta, Georgia 30326
    (404) 876-2700
    (404) 875-9433 (facsimile)
    jvuchinich@wwhgd.com

    P. Shane O'Neill*
    Georgia Bar No. 297849
    3344 Peachtree Rd. NE, Suite 2400
    Atlanta, Georgia 30326
    (404) 876-2700
    (404) 875-9433 (facsimile)
    soneill@wwhgd.com
    * *Pro Hac Vice* to be filed
    *Attorneys for Plaintiff*